STATE OF WEST VIRGINIA, *ex rel.* JAMES E. ROARK,
*Prosecuting Attorney For Kanawha County,*
*West Virginia*

*v.*

PATRICK CASEY, *Judge Of The Circuit Court*
*Of Kanawha County*
*And Theodore Cook*

(No. 15411)

*And*

STATE *ex rel.* RICHIE PRICE

*v.*

PATRICK CASEY, *Judge, etc.,* AND THEODORE COOK

(No. 15412)

Decided February 11, 1982.

Rehearing Denied Mar. 26, 1982.

*Jack Kessler*, Assistant Prosecuting Attorney, for Roark.

*Charles Q. Gage* for Price.

*Kauffelt & Kauffelt and T. D. Kauffelt, Snyder & Segal, and Benjamin M. Snyder*, for respondents.

NEELY, JUSTICE:

The Grand Jury for the May 1981 term of the Circuit Court of Kanawha County returned an indictment charging Mark Price, Richard Price and Theodore Cook with felony murder. Thereafter the prosecutor for Kanawha County entered into a plea bargain with Richard Price, a juvenile, by which the State agreed not to seek a transfer from juvenile to adult jurisdiction in return for his testimony at the trials of his codefendants. Before considering the plea bargain and in response to a motion by counsel for a codefendant, Theodore Cook, Judge Patrick Casey issued an order requiring the prosecutor to enter into a plea bargain with Richard Price only if Price would agree to "a forthright interview with defendant's attorneys regarding his proposed testimony."

James E. Roark, Prosecuting Attorney for Kanawha County, now seeks to prohibit the enforcement of the respondent Judge's order. Since the order exceeds a judge's authority under the *West Virginia Rules of Criminal Procedure*, we issue the writ.

*W. Va. R. Crim. P.*, 11(e)(1) provides that the attorneys for the State and the defendant "may engage in discussions with a view toward reaching . . . [a plea bargain]."[1]

---

[1] Rule 11(e)(1) in its entirety reads as follows:

"(1) *In General.* The attorney for the State and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the State will do any of the following:

(A) Move for dismissal of other charges; or

(B) Make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the under-

This rule concludes with the imperative statement, "[t]he court shall not participate in any such discussions." Since our Rule 11 is patterned after Rule 11 of the *Federal Rules of Criminal Procedure,* we can usefully look to the notes of the Advisory Committee of the *Federal Rules* for an interpretation of our Rule 11. In its notes on the 1974 Amendment to *Fed. R. Crim. P.*, the Advisory Committee wrote:

> There are valid reasons for a judge to avoid involvement in plea discussions. It might lead the defendant to believe that he would not receive a fair trial, were there a trial before the same judge. The risk of not going along with the disposition apparently desired by the judge might induce the defendant to plead guilty, even if innocent. Such involvement makes it difficult for a judge to objectively assess the voluntariness of a plea. [Citations omitted] As has been recently pointed out:

> The unequal position of the judge and the accused, one with the power to commit to prison and the other deeply concerned to avoid prison, at once raise a question of fundamental fairness. When a judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office. His awesome power to impose a substantially longer even maximum sentence in excess of that proposed is present whether referred to or not. A defendant needs no reminder that if he rejects the proposal, stands upon his right to trial and is convicted, he faces a significantly longer sentence. *United States ex rel. Elksnis v. Gilligan,* 256 F. Supp. 244, 254 (S.D.N.Y. 1966).

---

standing that such recommendation or request shall not be binding upon the court; or

    (C) Agree that a specific sentence is the appropriate disposition of the case; or

    (D) Agree not to seek additional indictments or information for other known offenses arising out of past transactions.

The court shall not participate in any such discussions.

Given the clear wording of the rule and the focus of the discussion by the Advisory Committee, Judge Casey's order appears to be a contravention of both the letter and the spirit of the rule. His order severely impinges on the bargaining freedom of both the prosecutor and the defense counsel. While not physically present, the judge has nevertheless injected his presence into the discussions by virtue of his order. He has, in effect, participated in the plea bargain discussion. Hence, his actions constitute a violation of the rule.

However, we do recognize that by exercising the power to reject a plea agreement under Rule 11(e)(4) a judge makes an implicit statement about his view of the terms of the plea bargain. Should the prosecutor and defendant's counsel reach a second plea agreement that is accepted by the court, it could be argued that the court had, in effect, participated in the discussion leading to the accepted agreement. When a judge rejects four or five agreements before finally accepting one, the argument that he has participated in the bargaining discussions is even stronger.

Nevertheless, we reject the notion that Rule 11 is self-contradictory by explicitly prohibiting one form of behavior in one sentence while implicitly permitting it in another. We find that there is a large and meaningful difference between Judge Casey's order in this case and the mere rejection of a plea bargain or even a succession of rejections combined with an explicit statement of the terms in a plea bargain that he would accept. When a judge rejects a plea that is properly before him, his effect on the substance of a subsequent plea discussion is minimal compared to the effect of an order such as the one in this case. In the usual case the eventual bargain will resemble the original with slight changes in favor of one party or the other. In this case the judge has attempted to enforce terms that neither party favors.

We do not mean to foreclose at-bench discussions between prosecutor, defense attorney, and judge concerning the judge's objections to a rejected plea bargain. We hold that it is entirely consistent with our process that

the parties be informed of the judge's reasons for rejecting a proffered agreement. While recognizing that this practice could be interpreted as constituting judicial participation, we find that it would have a far less detrimental impact on the bargaining process than would an order such as the one in this case. More importantly, were we to prohibit all such discussions we would not end them. Rather, in all probability, we would merely force these discussions to be done off-the-record in a manner degrading to the court and the parties. This was the exact problem that our decision in *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), sought to avoid.

As is often the case in our vocation, we are called upon to craft a working rule that reflects a delicate balance between two competing interests. In this case we strive to maintain an efficient and fair procedure of plea bargaining in which the trial judge is the ultimate decision-maker, while still making sure that the trial judge's participation in the plea bargain discussions is limited.

*Writ awarded.*