378 S.E.2d 102

**STATE of West Virginia**

v.

**Larry WHITT.**

No. 18424.

Supreme Court of Appeals of West Virginia.

Feb. 15, 1989.

David C. Smith, Johnston Holroyd & Gibson, Princeton, for appellant.

Atty. Gen., Charleston, for the State.

PER CURIAM:

This is an appeal by Larry Whitt from a jury verdict in the Circuit Court of Mercer County that found him guilty of two counts of delivery of marijuana, the first count, 2 grams without remuneration and the second, 7 grams with remuneration. On the first count, Mr. Whitt was placed on probation for three years and on the second count, he was sentenced to one to five years in prison and fined $5,000.

Among his several assignments of error, Mr. Whitt contends that the trial court erred by rejecting a plea bargain agreement, freely and voluntarily entered into by Mr. Whitt. Before trial, Mr. Whitt and the prosecuting attorney entered into a plea agreement under which Mr. Whitt would plead guilty to the second count of delivery of marijuana in return for the dismissal of the first count of delivery. Mr. Whitt and his counsel presented the plea agreement to the Honorable John R. Frazier on October 30, 1986. The trial court, by order entered on October 30, 1986, rejected Mr. Whitt's plea because of "statements made by the defendant." During the trial, the trial judge gave the following reasons for his decision:

Mr. Whitt feels very strongly that he did nothing wrong, that he was induced into this by the police officers, that he was entrapped. The State, of course, takes a different position.

My feeling simply was that I was not prepared to accept a plea from someone who felt—who, one, felt that they were not guilty, and two, stated to the Court sufficient facts to which it [sic] believed by a jury would be entrapment.

So it wasn't a matter of the Court accepting it. If I had accepted it, I would have directed a verdict of the defendant, I suppose. But that wasn't the Court's statements to the ruling or intent.

During sentencing the trial judge again discussed his reasons for rejecting Mr. Whitt's plea.

I remember several months ago when Mr. Whitt first appeared here for—to enter a plea in this case, a number of his family members were here. We went through part of the plea process, and we got to that point where we asked him what he did that made him think he was guilty of this and would support the Court accepting a plea.

At that time Mr. Whitt basically gave the same story, the same testimony, that he presented at trial and that he has also presented here. And that is that, essentially, he had done nothing wrong, certainly nothing criminal, but he had been influenced and persuaded to do this essentially against his initial will; that he was simply doing a favor for a friend and they were partying and that this whole thing was just a misunderstanding; that they were just partying there in his house. And the Court felt at that time that it would have been—that it was inappropriate for me to accept the plea with him contending that he was not guilty; that the police, and particularly the informant, had persuaded him to do this pretty much against his will; and that what they were doing anyway was simply partying; that it wasn't for anybody's benefit, that it was for mutual benefit.

So the Court felt, under those circumstances, as I explained—as I explained to those in attendance, that I didn't think it would appropriate for me to accept the plea under those circumstances, that that

would be something that I think should be tried by a jury because it would be difficult for me to sentence him knowing that that was his position. And the Court certainly reaffirms that decision that I made at that time.

In Syllabus Point 1, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), we stated:

An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.

The facts of this case are very similar to the facts in *Kennedy*. Both cases arose from the same undercover drug investigation. Both Mr. Kennedy and Mr. Whitt were approached by Beverly Wallace and Detective Staton, an undercover officer, at their respective homes. Both said they no longer sold drugs but both, finally, sold some marijuana which they had in their possession.[1] Both believed that the police had coerced them into the sales. Mr. Kennedy said that Ms. Wallace made inappropriate sexual advances and that he was fearful of an incident in his home. Mr. Whitt said that Ms. Wallace, whom he knew, was wearing a very short skirt, introduced the topic of drugs and then, persuaded him to purchase with the officer's money more marijuana in order to party together. Both attempted to plead guilty to one charge for the dismissal of the other charge. Both pleas were rejected because the trial court felt each had a good defense of entrapment.

In Syllabus Point, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), we stated:

Although a judge would be remiss to accept a guilty plea under circumstances where the weight of the evidence indicates a complete lack of guilt, a court should not force any defense on a defen-

dant in a criminal case, particularly when advancement of the defense might end in disaster.

In *Kennedy*, the defendant obtained a writ of prohibition requiring the acceptance of a guilty plea. Mr. Whitt went to trial, raised the defense of entrapment and ultimately, was convicted of both counts of delivery of marijuana. This was not a case where the evidence shows a complete lack of guilt. Rather, the evidence clearly shows that Mr. Whitt had an entrapment defense. *See, North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Tremblay v. Overholser*, 199 F.Supp. 569 (D.C.1961). In *Kennedy, supra* 178 W.Va. at 13, 357 S.E.2d at 45, we stated, "Experience teaches that the defense of entrapment is a slender reed on which to lean a defendant's defense." Mr. Whitt's reliance on the defense of entrapment demonstrates the slenderness of that reed. Because the entrapment in this case does not amount to a question of law, the trial court should not have substituted his weighing of the alternatives for Mr. Whitt's properly counseled weighing of the same alternatives.

Mr. Whitt's other assignments of error, namely, that the verdict is contrary to the law and evidence and that the trial court erred in giving or refusing to give various instructions to the jury, need not be addressed in light of our reversal on other grounds.

Because the trial court abused his discretion when he rejected the plea agreement in order to vindicate the defendant's rights, the judgment of the Circuit Court of Mercer County is reversed and the case is remanded for further proceeding consistent with this opinion.

Reversed and Remanded.

---

**1.** Mr. Kennedy was also charged with delivery of oxycodone and Mr. Whitt was charged with another count of delivery of marijuana for get-

ting additional marijuana with $25 supplied by the officer.