395 S.E.2d 530

**STATE of West Virginia**

v.

**Larry WHITT.**

No. 19158.

Supreme Court of Appeals of West Virginia.

July 20, 1990.

---

David C. Smith, Johnston, Holroyd & Associates, Princeton, for Larry Whitt.

Roger W. Tompkins, Atty. Gen. and Joanna Tabit, Asst. Atty. Gen., Charleston, for the State.

PER CURIAM:

This is an appeal by Larry Whitt from an order of the Circuit Court of Mercer County sentencing him to from one to five years in the State penitentiary and fining him $5,000 for distribution of marijuana. On appeal, the defendant, who initially plead guilty to the charge, claims, among other things, that the trial court erred in not allowing him to withdraw his guilty plea. After reviewing the record, this Court agrees and reverses the judgment of the Circuit Court of Mercer County.

This is a sequel to this Court's opinion in *State v. Whitt*, 180 W.Va. 553, 378 S.E.2d 102 (1989). The facts out of which the present proceeding developed are discussed to some extent in that opinion. Those facts, as well as facts presented in the documents in the present proceeding, indicate that in the Spring of 1986, an undercover police officer and a confidential informant visited the defendant at his home on Low Gap Road in Mercer County, West Virginia. In the course of the visit, the defendant indicated to the State's agents that he had a couple of marijuana cigarettes and offered to share them. He then sat down with the agents, and the party smoked the marijuana. The defendant later agreed to purchase additional marijuana for the parties, and after making a purchase, he transferred it to the confidential informant.

On July 11, 1986, the defendant was indicted by a Mercer County Grand Jury for distribution of two grams of marijuana without remuneration and for distribution of seven grams of marijuana.

After the finding of the two-count indictment, the defendant entered into plea negotiations with the office of the prosecuting attorney of Mercer County. The defendant and the prosecuting attorney reached an initial plea agreement which provided that the defendant would plead guilty to the

first count in the indictment, the count involving distribution of two grams of marijuana, in return for dismissal of the second count. The agreement further provided that the State would take no position regarding sentencing.

On October 30, 1986, a hearing was conducted before the Circuit Court of Mercer County. During that hearing, the plea agreement was presented to the trial court, and the court proceeded to question the defendant about his involvement in the crime to which he proposed to plead guilty. In the course of the questioning, the defendant indicated that he felt that he had been entrapped and that he had done nothing wrong.

After receiving the defendant's responses, the court, by order entered on October 30, 1986, rejected the plea agreement. The trial judge indicated that he was not prepared to accept guilty a plea from someone who felt that he was not guilty and who stated sufficient facts which, if believed by a jury, would have constituted the defense of entrapment.

Following the rejection of the plea, counsel for the defendant and the prosecuting attorney entered into further discussions and arrived at a second plea agreement. Under the terms of the second plea agreement, the defendant agreed to plead guilty to the second count of the indictment, the count charging delivery of seven grams of marijuana, in exchange for dismissal of the first count.

After considering the second agreement, the trial court rejected it.

After rejection of the two pleas, the case was tried before a jury. At the conclusion of the trial, the jury found the defendant guilty of both counts. The first count, delivery without remuneration, carried a mandatory term of conditional discharge under *W. Va. Code*, 60A-4-407. The court, however, sentenced the defendant to from one to five years under count two of the indictment and fined him $5,000.

The defendant appealed his conviction and sentence to this Court, and this Court, in *State v. Whitt, Id.*, reversed the conviction. In that opinion the Court indicated

that *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), recognized that an accused may voluntarily consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury would convict him. The Court noted that the defendant in the present case had not raised facts which showed a complete lack of guilt. Rather, he had presented evidence suggesting an entrapment defense. The Court noted that the defense of entrapment is a slender defense and implicitly recognized that the assertion of it presented certain difficulties and dangers. The Court stated:

> Because the entrapment in this case does not amount to a question of law, the trial court should not have substituted his weighing of the alternatives for Mr. Whitt's properly counseled weighing of the same alternatives.

*State v. Whitt*, 180 W.Va. at 555, 378 S.E.2d at 104.

The Court concluded that the trial judge abused his discretion when he rejected the defendant's plea agreement, and the Court reversed and remanded the case for further proceedings consistent with the opinion.

On remand, the defendant moved that the trial court either permit him to plead guilty to the first count in the indictment, that is to delivery of two grams of marijuana without remuneration, and that the court place him on the status of conditional discharge or, in the alternative, that the court permit him to withdraw his plea of guilty and set the matter for trial.

On April 12, 1989, the circuit judge rejected both the defendant's motions. He refused to allow the defendant to plead guilty to the first count in the indictment in exchange for the State's plea agreement. He also refused to allow the defendant to withdraw his prior guilty plea. The judge then summarily adjudicated the defendant guilty on count two of the indictment, dismissed count one, and sentenced the defen-

dant to from one to five years in the State penitentiary and fined him $5,000.

In the present proceeding, the defendant claims, among other things, that the trial court erred in refusing to allow him to withdraw his guilty plea to the charge on which the trial court subsequently sentenced him to from one to five years in the penitentiary and fined him $5,000.

In *State v. Olish*, 164 W.Va. 712, 266 S.E.2d 134 (1980), this Court addressed a situation somewhat similar to the present case. In the *Olish* case, the defendant entered into a plea bargain agreement with the prosecuting attorney under which the defendant agreed to plead guilty to first-degree murder and the prosecuting attorney agreed to recommend that the court sentence the defendant to life in the penitentiary with mercy. Pursuant to the plea bargain agreement, the defendant entered a plea of guilty. The plea bargain was derailed by the fact that a probation officer, who was not under the control of the prosecuting attorney, in a pre-sentence report, suggested that the defendant not be accorded mercy.

After learning of the probation officer's remarks, but before the guilty plea was accepted, the defendant moved to withdraw his guilty plea. The trial court refused to allow the withdrawal and sentenced the defendant to life in the penitentiary without mercy. The defendant subsequently appealed to this Court.

■ In the *Olish* case, the Court concluded that the trial court erred in refusing to allow the defendant to withdraw his guilty plea and reversed on that ground. The Court stated, in syllabus point 1 of *State v. Olish, Id.*, that:

In a case where the defendant seeks to withdraw his guilty plea before sentence is imposed, he is generally accorded the right if he can show any fair and just reason.

■ In the case presently before the Court, the record indicates that the defendant sought to withdrawn his guilty plea on the distribution for remuneration charge prior to its final acceptance by the trial court. Between the time the defendant entered the guilty plea and the time he sought to withdraw it, substantial changes had occurred surrounding the defendant's situation. The court had rejected the plea and rejected the plea bargain pursuant to which it was entered, and the defendant had gone to trial on the issues presented, had been found guilty, and had subsequently appealed his conviction. This Court had overturned that conviction. The status of the plea bargain pursuant to which the plea had been entered was confused and unclear since the trial court initially rejected it and then this Court ruled that the trial court's reason for rejecting it was improper.

An examination of the overall record suggests that the only reason that the defendant plead guilty to the charge on which he now stands sentenced is that the trial court rejected his guilty plea to the first count and that he plead guilty only pursuant to a plea bargain. In finally accepting the guilty plea, on April 12, 1989, the court did not engage in any sort of extended colloquy to determine if the plea was at the time freely and voluntarily given, and, indeed, given the fact that the defendant had moved to withdraw it, there is a probability that it was not.

Given the confused status of the guilty plea and the plea bargain agreement in April, 1989, this Court believes that there was a just reason for allowing the withdrawal of the plea and that, given the rule set forth in *State v. Olish, Id.*, the trial court erred in refusing to allow the defendant to withdraw it.

This Court has recognized that a trial court should accept a guilty plea only where a criminal defendant has knowingly and intentionally waived his constitutional rights, and to determine whether a defendant is knowingly and intentionally waiving his rights, the trial court should engage in a colloquy with him. The matters to be covered in that colloquy are detailed in syllabus point 3 of *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), as follows:

When a criminal defendant proposes to enter a plea of guilty, the trial judge

should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

In the present case the Court is somewhat concerned that although the trial court found that the defendant had waived all these rights, this finding was apparently not based on any sort of colloquy or interrogation conducted in 1989.[1]

■ The Court notes that the defendant also claims that the trial court erred in not allowing him to plead guilty to the first count against him. The principles enunciated in the first *Whitt* case apply to both the first and second counts. However, the Court believes that what the defendant is really seeking under this claim is that this Court compel the trial court to accept the first plea agreement.

This Court has recognized that a trial judge has discretion to refuse a plea bargain agreement if he follows the procedure prescribed by the rules governing plea agreement procedure. *State v. Guthrie*, 173 W.Va. 290, 315 S.E.2d 397 (1984); *State ex rel. Roark v. Casey*, 169 W.Va. 280, 286 S.E.2d 702 (1982). In view of the discretion in the trial judge, the Court declines to direct and require the trial judge to accept the first plea agreement.

■ The Court also notes that the defendant claims that the trial judge erred in refusing to recuse himself and in refusing to conduct a recusal procedure as mandated by West Virginia Trial Court Rule 17.

The basic rule on the recusal of judges is set forth in syllabus point 3 of *State v. Hodges*, 172 W.Va. 322, 305 S.E.2d 278 (1983), as follows:

"Where a challenge to a judge's impartiality is made for substantial reasons which indicate that the circumstances offer a possible temptation as to the average man as a judge not to hold the balance nice, clear and true between the State and the accused, a judge should recuse himself." Syl. pt. 14, *Louk v. Haynes*, 159 W.Va. 482, 223 S.E.2d 780 (1976) (in part).

In making his motion for recusal or disqualification of the trial judge, the defendant alleged that this Court's reversal of the defendant's conviction biased the trial judge against him so as "not to hold the balance of the scale of justice true and clear between him and the State of West Virginia." This Court is unaware of any authority which holds that a simple reversal of a trial court's actions works a *per se* disqualification of the trial judge or, in and of itself, casts into doubt the trial judge's impartiality such as mandates his recusal.

Because the trial court refused to allow the defendant to withdraw his guilty plea, the judgment of the Circuit Court of Mercer County is reversed, and this case is remanded with directions that the circuit court allow the defendant to withdraw his guilty plea to the second charge against him, and also to the first charge, if he so chooses. Upon the withdrawal of either or both pleas, the charges against the defendant, as set forth in the indictment, shall remain in effect to be disposed of as provided by law.

Reversed and remanded with directions.

---

1. There had been such a colloquy in 1986, but given the long period which had passed and the events which had transpired, it is questionable that the defendant still intended to waive his rights.