542 S.E.2d 69

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Jason Anthony PARR, Defendant Below, Appellant.**

**No. 27871.**

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 2000.

Decided Nov. 29, 2000.

Steven K. Mancini, Public Defender's Office, Welch, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Leah Perry Macia, Special Asst. Attorney General, Charleston, for Appellee.

PER CURIAM:

This case is before the Court upon the appeal of the Appellant, Jason Anthony Parr, from the October 27, 1999, final order of the Circuit Court of McDowell County, West Virginia, sentencing the Appellant to the West Virginia Penitentiary for a term of not less than one nor more than ten years upon his jury conviction for entering without breaking and to the McDowell County Correctional Center and/or Southern Regional Jail for a term of twelve months upon his jury conviction for petit larceny. Both sentences were to run concurrently. The Appellant argues that the trial court erred: 1) in refusing to accept his plea to Count III of the indictment, petit larceny, pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987); and 2) in denying his motion for judgment of acquittal pertaining to Count II in the indictment, entering without breaking.[1]

## I. FACTS

On December 24, 1998, two tenants of Tyson Towers, located in Welch, West Virginia, reported to the Welch Police Department that the storage room in the basement of the building was open and that a freezer door was ajar. Numerous packages of frozen meat were reported stolen from the freezer.

---

1. Because we reverse and remand this case based on the trial court's erroneous refusal to allow the Appellant to plead guilty, the second issue raised by the Appellant is moot.

Sabrina Ferguson originally confessed to being the lone culprit involved in the crime.[2] Sergeant Vaselaros, an officer with the Welch Police Department at the time of the incident, also spoke with Jack Stallworth during his investigation of the crime. Mr. Stallworth stated that he witnessed Ms. Ferguson, Celena Philips, who is Ms. Ferguson's sister, the Appellant, and his twin brother, Mark Parr, all coming out of the basement of the apartment building carrying white bags.

On June 22, 1999, the grand jury returned a seven-count indictment. Sabrina Ferguson, Celena Philips, the Appellant and Mark Parr were all charged with breaking and entering, entering without breaking, petit larceny, felony conspiracy, and misdemeanor conspiracy. Sabrina Ferguson and Mark Parr were also each charged with petit larceny by transferring stolen property. Both Ms. Ferguson and Ms. Philips entered guilty pleas to petit larceny, with the remaining charges being dismissed. Mark Parr pleaded guilty to felony conspiracy as part of a plea agreement involving unrelated charges, all of which were dismissed.

The State also offered the Appellant a plea agreement. Under the terms of the Appellant's agreement, the Appellant would plead guilty to petit larceny in exchange for the State refraining from making any recommendation on sentencing. Additionally, according to the terms of the agreement, the remaining charges against the Appellant were to be dismissed. According to the transcript of the proceeding in which this plea agreement was communicated to the lower court, the Appellant indicated that he was willing to plead guilty so long as he could do so without admitting guilt, in accordance with our decision in *Frazier*. *See* 178 W.Va. at 10, 357 S.E.2d at 43. Specifically, the Appellant's trial counsel told the lower court:

> MR. MANCINI: As mentioned to the Court previously, we would accept that under *Kennedy v. Frazier* as a plea without admitting guilt, but pleading guilty because of the risk of going to trial with one or, perhaps, two alleged eyewitnesses. For those purposes—For those reasons,

the Defendant would be willing to plead under *Kennedy v. Frazier*.

THE COURT: Is that right, Mr. Parr?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You're willing to plead guilty to petit larceny under Count Three, but in the course of that, you don't want to admit that you did anything wrong or committed any crime. Is that it in a nutshell?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The Court refuses to accept a so-called *Kennedy v. Frazier* plea in this case and again, while the Court will not say that it never, ever would accept such a plea, it's the policy and practice of this Court to refrain from that for the reason that this Court has stated now many times over. If a person has, in fact, committed a crime and wants to plead guilty to that crime, certainly, that's appropriate, but by the same token, in a democracy such as we have, it's the Court's strong belief and opinion that, if a person does not admit to having committed any criminal act, and that person says, Judge, I absolutely did not commit a crime or the crime charged, then, in the United States of America that person should not be found guilty of a crime that he or she says that—or denies that they committed. That simply is not justice. The guilty, certainly, may be convicted, but the innocent should never be convicted.

So, that's why the Court is going to refrain from that; so, we shall proceed on with the trial in this case, and that's what you want to do, right, Mr. Parr?

THE DEFENDANT: Yes, Sir.

The Appellant was ultimately convicted of entering without breaking and petit larceny.

## II.  ISSUE

The dispositive issue which we address is whether the lower court erroneously rejected the Appellant's guilty plea in light of our decision in *Frazier*. *See id.* The State concedes error on this issue and indicates that the case should be reversed and remanded in order to allow the Appellant to plead guilty

---

**2.** When Ms. Ferguson ultimately entered a guilty plea to petit larceny, however, she implicated the

Appellant in her allocution at her guilty plea hearing.

to petit larceny in accordance with *Frazier.* *See id.*

### III. STANDARD OF REVIEW

■ We begin our discussion by reiterating two critical points relative to the guilty plea issue presented. First,

there is no absolute right under either the West Virginia or the United States Constitution to plea bargain. To this end, we have noted that a defendant has "no constitutional right to have his case disposed of by way of a plea bargain[.]" *See Myers v. Frazier,* 173 W.Va. 658, 664 n. 5, 319 S.E.2d 782, 788 n. 5 (1984). Therefore, a circuit court need not accept every constitutionally valid guilty plea merely because a defendant wishes to plead. Writing for the United States Supreme Court in *Mabry v. Johnson,* 467 U.S. 504, 507, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437, 442 (1984), Justice Stevens reasoned that "[a] plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest."

*State ex rel. Brewer v. Starcher,* 195 W.Va. 185, 192, 465 S.E.2d 185, 192 (1995).

■ Second, we review this case under an abuse of discretion standard of review. As we stated in *Brewer,*

Although parties in criminal proceedings have broad discretion in negotiating the terms and conditions of a plea agreement, this discretion must be permissible under the Rules of Criminal Procedure. Similarly, the decision whether to accept or reject a plea agreement is vested almost exclusively with the experienced men and women who preside at the circuit court level. *See Tucker v. Holland,* 174 W.Va. 409, 416, 327 S.E.2d 388, 396 (1985) (Rule 11 " 'gives a trial court discretion to refuse a plea bargain.' " (Citation omitted)). We say "almost" because all plea agreements must be constitutionally acceptable and in compliance with procedural rules this Court mandates. *See State v. Whitt,* 183 W.Va. 286, 290, 395 S.E.2d 530, 534 (1990) ("trial judge has discretion to refuse a plea bar-

gain agreement if he [or she] follows the procedure prescribed by the rules governing plea agreement procedure"). *See also State v. Guthrie,* 173 W.Va. 290, 315 S.E.2d 397 (1984); *State ex rel. Roark v. Casey,* 169 W.Va. 280, 286 S.E.2d 702 (1982). Thus, a circuit court's discretion is not unlimited.

195 W.Va. at 192, 465 S.E.2d at 192.

### IV. DISCUSSION

As previously indicated, whether the trial court abused its discretion in failing to accept the Appellant's guilty plea to the misdemeanor charge of petit larceny turns on an application of this Court's decision in *Frazier.* In that case, the defendant was indicted on delivery of marijuana and delivery of oxycodone. Under a plea agreement reached with the prosecutor, the defendant would plead guilty to delivery of marijuana in return for a dismissal of the second delivery count in the indictment. Additionally, the prosecution agreed not to seek an enhanced sentence. 178 W.Va. at 10, 357 S.E.2d at 43.

The trial court in *Frazier* accepted the guilty plea initially and sent the matter to the probation department for a pre-sentence investigation. The pre-sentence report contained statements by the defendant indicating that he had been entrapped and that improper sexual advances had been made toward him by a police officer. After reviewing this report, the trial court rejected the plea agreement and scheduled the matter for trial, stating, in part, that " '[i]t's not my desire to send somebody to the penitentiary who is not guilty, who has been pressured, under the circumstances that he alleges in his statement [to the probation officer] ..., by the police officers.' " *Id.* at 12, 357 S.E.2d at 44–45. Based upon this ruling, the defendant sought a writ of prohibition to require the trial court to accept his guilty plea.

We concluded in *Frazier* that the trial court abused its discretion in rejecting the plea agreement and issued the requested writ. *Id.* at 12 and 13, 357 S.E.2d at 45 and 46. In reaching this conclusion, we relied upon the decision of the United States Supreme Court in *North Carolina v. Alford,*

400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). We specifically acknowledged that *Alford* "stands for the proposition that a guilty plea that represents a voluntary and intelligent choice among the alternatives available to a defendant is not coerced within the meaning of the Fifth Amendment simply because it was entered into to avoid the possibility of a significantly higher penalty." 178 W.Va. at 12, 357 S.E.2d at 45. We further stated that

> [t]he Supreme Court [in *Alford* ] held that there is no bar to imposing a prison sentence upon an accused who is unwilling to admit guilt but who is willing to waive trial and accept the sentence. An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.

*Id.* Finally, we opined that "[b]ecause guilt, or the degree of guilt, is at times uncertain and elusive, an accused, though believing in or entertaining doubts respecting his innocence, might reasonably conclude a jury would be convinced of his guilt and that he would fare better in the sentence by pleading guilty." *Id.* at 13, 357 S.E.2d at 46.

■ We ultimately held in syllabus points one and two of *Frazier*, that:

> An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.
>
> Although a judge would be remiss to accept a guilty plea under circumstances where the weight of the evidence indicates

a complete lack of guilt, a court should not force any defense on a defendant in a criminal case, particularly when advancement of the defense might end in disaster.

*Id.* at 10, 357 S.E.2d at 43, Syl. Pts. 1 and 2.

■ In the instant case, the trial court's only basis for rejecting the plea was that the Appellant did not want to admit guilt to the crime. This rejection of the plea came despite the Appellant's attorney's representation to the lower court that there were potentially two eyewitnesses who would testify against his client at trial.[3] Thus, the trial court was presented with evidence which failed to support a valid defense (the Appellant's innocence); rather, the evidence supported a defense that was sure to be a "disaster" at trial. *Id.* at 10, 357 S.E.2d at 43, Syl. Pt. 2, in part. It should have been crystal clear to the trial court that the Appellant's willingness to enter a guilty plea was based upon his desire to avoid the possibility of a significantly higher penalty at sentencing.[4] Indeed, the trial court was presented with the classic scenario that the *Frazier* and *Alford* decisions were specifically intended to govern. The trial court, however, refused to apply these decisions to the instant case. Consequently, as the State concedes, the trial court abused its discretion by forcing a defense on the Appellant in clear violation of the law enunciated in *Frazier*. *See* 178 W.Va. at 10, 357 S.E.2d at 43, Syl. Pts. 1 and 2.

Accordingly, based on the foregoing, the decision of the Circuit Court of McDowell County is hereby reversed and this case is remanded to the circuit court to allow the Appellant to enter a guilty plea to Count III of the indictment, petit larceny, pursuant to the terms of the original plea agreement and this Court's decision in *Frazier*. The Appellant's jury convictions on Count II of the indictment, entering without breaking, and

---

**3.** Indeed, two eyewitnesses did testify at the Appellant's trial that they saw him carrying stolen goods out of the basement of the apartment.

**4.** Additionally, the Appellant asserts in his brief that by going to trial rather than pleading guilty, the Appellant also risked a sentence enhancement pursuant to the recidivist statute, West Vir-

ginia Code § 61–11–18 (1994), as the Appellant has also been convicted and sentenced to imprisonment for a term of one to fifteen years for the crime of possession with intent to deliver a controlled substance. This Court recently upheld that sentence and conviction in *State v. Parr*, 207 W.Va. 469, 534 S.E.2d 23 (2000).

Count III of the indictment, petit larceny, are vacated.

Reversed and remanded; Convictions vacated.