# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**STATE OF WEST VIRGINIA,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0594** (Calhoun County 15-F-22)

**DENNIS S.,**
**Defendant Below, Petitioner**

**FILED**
**April 3, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dennis S., by counsel Justin M. Collin, appeals the order of the Circuit Court of Calhoun County, entered on June 14, 2018, sentencing him upon his conviction of sexual abuse by a parent, guardian, or custodian; sexual assault in the first degree under age; and sexual abuse in the first degree.[1] The State of West Virginia appears by counsel Deputy Attorney General Karen C. Villanueva-Matkovich, Solicitor General Lindsay S. See and Zachary Aaron Viglianco. On appeal, petitioner argues that the trial court erred in refusing to accept his plea to two counts of sexual assault in the third degree, pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).[2]

After review of the briefs, the record presented, and oral argument, and for the reasons stated herein, we affirm the circuit court's sentencing order. Because we find no substantial question of law and no prejudicial error, a memorandum decision affirming the circuit court's order is appropriate under Rule 21(c) of the Rules of Appellate Procedure.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November of 2014, petitioner's then-eleven-year old daughter, A.S., told her mother that petitioner had been "sexually touching her," including rubbing and licking her breasts and inserting his finger into her vagina. On September 1, 2015, petitioner was indicted on one count of sexual abuse by a parent, guardian, or custodian; one count of sexual assault in the first degree

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] In his brief, the petitioner describes the plea that was offered as a plea to "two counts of sexual abuse in the third degree, each of which carries a maximum penalty of 90 days in jail." However, the record reflects that the offer was for two counts of sexual assault in the third degree. Sexual assault in the third degree carries a penalty of imprisonment for not less than one year nor more than five years.

under age; one count of sexual abuse in the first degree; one count of domestic battery; and one count of domestic assault.

At a hearing on October 31, 2017, the parties informed the trial court that petitioner had agreed to enter a plea to two counts of third-degree sexual assault in exchange for the dismissal of the felony charges returned in the September 2015 indictment. The Calhoun County Prosecuting Attorney ("prosecutor") informed the circuit court that petitioner had agreed to plead guilty to two counts of third-degree sexual assault via information as opposed to indictment. After placing petitioner under oath, the circuit court questioned him about his decision to consent to being charged by information rather than by indictment. After finding that petitioner had freely, voluntarily, intelligently, and with the advice of counsel waived indictment, the trial court ordered the information filed. The new case involving the information was assigned Case Number 17-F-29.

Thereafter, the trial court questioned petitioner about the plea agreement. In response to the trial court's inquiry, petitioner stated that he had reached an agreement to plead guilty. The prosecutor confirmed that petitioner had agreed to plead guilty to both counts in the information in exchange for the State dismissing the felony charges in the indictment. Immediately thereafter, counsel for petitioner agreed to the prosecutor's description of the plea with one exception -- counsel for petitioner stated that the plea would be a "no contest plea pursuant to *Kennedy v. Frazier.*"[3]

The prosecutor did not recall that the agreement was to be a plea pursuant to *Kennedy.*[4] After a discussion on the record that petitioner had already signed a plea agreement that stated he was pleading guilty, counsel for petitioner requested a recess. Before the recess, the circuit court noted that it did not believe that this was an appropriate case for an *Alford* plea.[5] Following the recess, counsel for petitioner informed the circuit court that petitioner was not prepared to enter a plea of guilty so the trial was rescheduled for December 5, 2017.[6]

Petitioner's trial on the indictment began on February 13, 2018.[7] Prior to the commencement of the trial, a discussion was held in which petitioner acknowledged his understanding that a plea agreement in which he would plead guilty to two counts of sexual assault in the third degree was still available to him. Petitioner also acknowledged his understanding that the potential sentence if he accepted the plea agreement was one to five years for each of the two charges as opposed to a much longer sentence if he was convicted of the charges in the indictment. Petitioner declined to accept the plea agreement, and the trial commenced.

---

[3] *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987). In *Kennedy*, this Court relied upon the decision of the United States Supreme Court in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

[4] Although the prosecutor did not recall the agreement to be a plea pursuant to *Kennedy*, she did not appear to oppose such a plea.

[5] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[6] Petitioner's trial was subsequently continued to February 13, 2018.

[7] Petitioner did not file any type of request for an extraordinary remedy prior to the commencement of trial.

At the conclusion of the trial, the jury found petitioner guilty of sexual abuse by a parent, guardian or custodian, sexual assault in the first degree under age, and sexual abuse in the first degree. Following his convictions, petitioner filed a motion to set aside the verdict and to grant a new trial.[8] These motions were denied, and the court entered its Sentencing Order on June 14, 2018. Petitioner was sentenced to an indeterminate sentence of 26 to 60 years.

After entry of the circuit court's Sentencing Order, petitioner filed the instant appeal.

## II. STANDARD OF REVIEW

We review this case under an abuse of discretion standard of review.

> Although parties in criminal proceedings have broad discretion in negotiating the terms and conditions of a plea agreement, this discretion must be permissible under the Rules of Criminal Procedure. Similarly, the decision whether to accept or reject a plea agreement is vested almost exclusively with the experienced men and women who preside at the circuit court level. *See Tucker v. Holland*, 174 W. Va. 409, 416, 327 S.E.2d 388, 396 (1985) (Rule 11 " 'gives a trial court discretion to refuse a plea bargain.' " (Citation omitted)). We say "almost" because all plea agreements must be constitutionally acceptable and in compliance with procedural rules this Court mandates. *See State v. Whitt*, 183 W. Va. 286, 290, 395 S.E.2d 530, 534 (1990) ("trial judge has discretion to refuse a plea bargain agreement if he [or she] follows the procedure prescribed by the rules governing plea agreement procedure"). *See also State v. Guthrie*, 173 W. Va. 290, 315 S.E.2d 397 (1984); *State ex rel. Roark v. Casey*, 169 W. Va. 280, 286 S.E.2d 702 (1982). Thus a circuit court's discretion is not unlimited.

*State ex rel. Brewer v. Starcher*, 195 W. Va. 185, 192, 465 S.E.2d 185, 192 (1995).

## III. ANALYSIS

On appeal, petitioner asserts that the circuit court erred by rejecting a plea agreement solely because he sought to plead under the auspices of *Kennedy/Alford*. The State confesses error and concedes that the circuit court erred in refusing to accept the plea. However, "[t]his Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred." Syl. Pt. 8, *State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991). We begin our analysis by noting that "a defendant has no constitutional right to have his case disposed of by way of a plea bargain or to have his guilty plea accepted." *Myers v. Frazier*, 173 W. Va. 658, 664 n.5, 319 S.E.2d 782, 788 n.5 (1984). "[T]he decision whether to accept or

---

[8] It does not appear that the primary issue involved in this appeal was a subject of the post-trial motions.

reject a plea agreement is vested almost exclusively with the circuit court." Syl. Pt. 3, in part, *State ex rel. Brewer v. Starcher*, 195 W. Va. 185, 465 S.E.2d 185 (1995).

The facts surrounding the plea agreement in this case are unique. The prosecutor and the petitioner informed the circuit court that the defendant was entering a guilty plea. Immediately thereafter, petitioner's counsel stated that there was a verbal agreement with the State to plead "no contest pursuant to *Kennedy v. Frazier*." Petitioner alleges that he informed his attorney that he would prefer to enter a *Kennedy/Alford* plea "[d]uring the plea hearing." Prior to counsel's statement, neither the prosecutor nor the petitioner had referenced a *Kennedy* plea. In fact, the prosecutor did not recall that the verbal agreement permitted petitioner to enter a *Kennedy* plea. Petitioner also alleges that during each court hearing, he declined to lay a factual foundation for the plea, but he was still willing to enter a guilty plea.[9]

There was some confusion regarding the plea at issue. After being told by the prosecutor and petitioner that petitioner was entering a guilty plea, the terms of the agreement changed. From that point forward, the plea was described as a *Kennedy* plea, an *Alford* plea and a no contest plea. Given the different descriptions, the circuit court indicated that it did not believe that this was an appropriate case for an "*Alford* plea, no contest" to the charges in the information.[10] The circuit court elaborated by stating that the petitioner received a "substantial benefit" from the plea agreement.

When making such a decision regarding a plea agreement, this Court has held "[a] court's ultimate discretion in accepting or rejecting a plea agreement is whether it is consistent with the public interest in the fair administration of justice." Syl. Pt. 4, *Myers v. Frazier*, 173 W. Va. 658, 319 S.E.2d 782 (1984). To determine what is meant by a plea agreement being "in the public interest in the fair administration of justice" pursuant to *Myers*, "consideration must be given not only to the general public's perception that crimes should be prosecuted, but to the interests of the victim as well." Syl. Pt. 5, in part, *Myers*, 173 W. Va. 658, 319 S.E.2d 782. As this Court has previously held, "[a] primary test to determine whether a plea bargain should be accepted or rejected is in light of the entire criminal event and given the defendant's prior criminal record whether the plea bargain enables the court to dispose of the case in a manner commensurate with the seriousness of the criminal charges and the character and background of the defendant." *Id.* at Syl. Pt. 6. This Court, in reaching its conclusion in *Myers*, recognized that the granting of charge or sentencing concessions in exchange for a guilty or nolo contendere plea is proper "when

---

[9] This allegation is refuted by the transcript. The transcript of the hearing on October 31, 2017, reveals that petitioner signed a document in which he agreed to plead guilty and testified in response to questioning from the circuit court that he was pleading guilty. However, petitioner's counsel informed the circuit court that petitioner would be pleading "no contest" and that petitioner was "not prepared at this time to enter a plea of guilty." Further, immediately before the trial commenced, petitioner declined to enter a guilty plea to two counts of sexual assault in the third degree and chose to go to trial instead.

[10] Pursuant to Rule 11(b) of the West Virginia Rules of Criminal Procedure, a defendant may plead nolo contendere only with the consent of the court.

consistent with the protection of the public, the gravity of the offense, and the needs of the defendant." *Id*. at 667, 319 S.E.2d at 791.

In the present matter, the circuit court, after considering the nature of the crimes with which petitioner was charged, unequivocally stated that this case is not an "appropriate case" for the plea agreement, as described. A review of the nature of the offenses petitioner is alleged to have committed, and in particular the gravity of such offenses, certainly support the trial court's findings that the case was not one in which the plea agreement, as described, was warranted. The victim in this case was petitioner's then-eleven- year-old daughter. The heinous crimes that petitioner was alleged to have perpetrated against his daughter involved sexual assault and sexual abuse that occurred while he was alone in the house with her. The sexual touching involved petitioner rubbing and licking his daughter's breasts and inserting his finger into her vagina. Despite the confusion around the type of plea that would be entered, the circuit court expressed its belief that this was not an appropriate case for the entry of the plea as described by petitioner's counsel.[11] The circuit court noted that the plea agreement offered by the State resulted in a substantial benefit for petitioner. The circuit court's comments were made with full knowledge of the seriousness of the crimes that were alleged to have been committed against an 11-year-old girl.

Our analysis reveals that the circuit court was faced with differing views on the plea the petitioner was willing to enter. The circuit court heard from the prosecutor that petitioner would plead guilty to two counts of sexual assault in the third degree. The circuit court also heard from petitioner that he was entering a guilty plea to the charges in the information. However, counsel for petitioner stated that his client was not prepared to enter a plea of guilty, but he was willing to enter a no contest plea pursuant to *Kennedy* and *Alford*.

We disagree with the argument that our decision in *State v. Parr*, 208 W. Va. 555, 542 S.E.2d 69 (2000) (per curiam) results in this case being remanded to the Circuit Court of Calhoun County. In *Parr*, there was no confusion regarding the type of plea that was at issue. Mr. Parr was willing to plead *guilty* pursuant to *Kennedy*. In *Kennedy*, the defendant filed a writ of prohibition seeking to be allowed to enter into a plea agreement in which he would plead *guilty* to one of the two counts in his indictment. *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987). In this case, petitioner rejected a plea agreement that would have required him to plead guilty.

Based upon the narrow and unique facts of this case, we find that the circuit court did not abuse its discretion in rejecting the plea agreement. The circuit court was willing to accept the petitioner's guilty plea as presented by the State and the testimony of petitioner. However, during the plea hearing, the terms of the plea agreement changed. The confusion regarding the terms of the agreement do not strip the circuit court of its discretion in accepting or rejecting plea agreements.

---

[11] Petitioner's counsel described the plea as a "no contest" plea pursuant to *Kennedy*. Immediately thereafter, petitioner's counsel referred to an *Alford* plea.

For the aforementioned reasons, the circuit court's June 14, 2018 sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  April 3, 2020

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison