# CHARLESTON.

## STATE v. JAMES SANNEY.

Submitted September 12, 1922. Decided September 19, 1922.

1. INDICTMENT AND INFORMATION—*On Hearing of Demurrer, Court Cannot Assume That Offense Charged Was Committed After New Act Took Effect.*

   Where a statute is passed amending and re-enacting or repealing a former statute defining a felonious crime and providing for its punishment, which new statute adds a new element to the former definition of the crime and modifies the penalty; and an indictment is found correctly charging the commission of the crime under the provisions of the old act, but returned after the new act takes effect, to which a demurrer is interposed on the ground that no crime is properly alleged as defined by the new act, the court cannot assume that the offense was committed after the new act became effective and sustain the demurrer on that ground. (p. 478.)

2. CRIMINAL LAW—*Statutory Change in Definition and Penalty of Crime not Change in Procedure for Punishment.*

   Such change in the definition and penalty of the crime is not a change in the procedure for the punishment thereof as is contemplated in Sec. 9, Chap. 13, Code, which provides that where a law is repealed, the offense committed or penalty or punishment incurred before the repeal took effect shall not be affected, save only that the proceedings thereafter had shall conform as far as practicable to the laws in force at the time such proceedings take place. (p. 479.)

3. INDICTMENT AND INFORMATION—*Validity, Dependant Alone Upon Evidence Fixing Date of Crime, Cannot Be Determined Upon Demurrer.*

   If the validity of an indictment is dependent alone upon evidence fixing the date of the commission of the crime charged, it cannot be determined upon demurrer to the indictment. (p. 479.)

4. CRIMINAL LAW—*Probable Evidence Not Considered on Appeal.*

   Points which may arise in a case when the evidence is taken will not be considered and decided in advance by the appellate court. (p. 481.)

Error to Circuit Court, Wetzel County.

James Sanney was indicted for rape. Indictment quashed, and the State brings error.

*Reversed and remanded.*

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, and *W. J. Postlethwait,* Prosecuting Attorney, for the State.

*Larrick & Lemon,* for defendant in error.

LIVELY, JUDGE.:

A demurrer and motion to quash the indictment having been sustained, the State prosecutes this writ of error under Sec. 31, Chap. 135 of the Code.

The indictment returned on October 13, 1921, in the circuit court of Wetzel County, reads: "The Grand Jurors of the State of West Virginia, in and for the body of the County of Wetzel, and now attending said court, upon their oaths present that James Sanney, on the............day of July, 1921, in said County of Wetzel, upon Frances Butcher, then and there being, unlawfully did make an assault, and her, the said Frances Butcher, did then and there beat and ill-treat, with intent her, the said Frances Butcher, then and there violently against her will feloniously to ravish and carnally to know, against the peace and dignity of the State."

The demurrer and motion to quash was sustained November 4, 1921. The indictment is based upon Sec. 15, Chap. 144 of the Code, which reads: "Rape.—If any person carnally know a female of the age of fourteen years or more, against her will by force, or carnally know a female child under that age, he shall be punished with death or by confinement in the penitentiary as follows: If the jury, upon the trial of an indictment under this section, return a verdict of guilty, merely, the accused shall be punished with death; but if the jury add to such verdict that the accused be punished by confinement in the penitentiary, he shall be confined in the penitentiary not less than seven nor more than twenty years: provided, always, that this section shall

not apply to any person under fourteen years of age who carnally knows a female over twelve years of age with her free consent.''

It is conceded by counsel for defendant that the indictment is not bad under the statute above quoted. But it is urged that this statute was repealed by Chap. 90, Acts 1920-21, which provides: ''That section fifteen of chapter one hundred and forty-four of the Code of West Virginia, Barnes' Code, one thousand nine hundred and sixteen, be and is hereby amended and re-enacted to read as follows: Section 15. ''If any male person carnally know a female, not his wife, against her will by force, or if any male person who is over the age of sixteen years carnally know a famale, not his wife, under that age, he shall be punished with death or with confinement in the penitentiary for life, or if the jury add to its verdict a recommendation for mercy, with confinement in the penitentiary for not less than five nor more than twenty years, *provided,* always that this section shall not apply to any male person under sixteen years of age who carnally knows a female over twelve years of age with her free consent.''

It is argued, therefore, that at the time of the finding of the indictment, the later act was the exclusive and only statutory law on the crime of rape in this state, and is the only law under which defendant could have been indicted and prosecuted. The ground of demurrer is that the indictment fails to aver that the female, on whom the alleged assault was made, was *not the wife of the accused,* as required by the later act, and for that reason is fatally defective.

The offense would be punishable under the statute which was in force at the time it was committed. Even if it was held that the old law has been repealed by the new and latest act, the crime, if committed while the old law was in effect, would be punishable under the provisions of the old act, except that, with the consent of the accused, the punishment or penalty, in case mitigated by the later act may be applied.

It will be noted that Chap. 90, Acts 1920-21, the new law above quoted, was passed on April 19, 1921, and became effective July 18, 1921. The indictment charges that the crime was committed on the..........day of July, 1921. If we could say that the state under this indictment would be compelled to prove that the crime was committed in the month of July, 1921, in order to sustain conviction, it would depend upon what day in July the crime was committed in order to ascertain under which act, the old or the new, the prosecution would be governed. But the State, in a felony indictment, is not governed by the date alleged in the indictment. It can prove the commission of the offense as having occurred in any month prior to the finding of the indictment. Where a date is stated, a variance between that date and the proof is immaterial in any case at common law, if the proof be such as to bring it within the period of the statute, if any statute applies. Prosecution of a felony of the character here charged, is not barred by limitation of time. When was this crime committed? The proof will answer the query. If it be shown that the alleged offense was committed while the old act was in effect, that is, prior to July 18, 1921, the old law will govern, and it is conceded that the indictment is good under the provisions of the old law. If the evidence shows the commission after the new act became effective, the question now urged can then be raised in the proper manner. In consideration of the demurrer, the evidence cannot be anticipated; it goes to the sufficiency of the indictment on its face.

But it is asserted that because the indictment was found and returned in the month of October, the indictment should be in conformity with the new act by virtue of Sec. 9 of Chap. 13 of the Code which provides that where a law is *repealed* or *expires* by reason of any provision contained therein, the offense committed together with the penalty or punishment is not affected, save only that the proceedings thereafter had shall conform as far as practicable to the laws in force at the time such proceedings take place. Even should it be conceded, as claimed, that Sec. 15 of Chap. 144

of the Code was repealed by the Act of 1920-21, the offense if committed before the repeal is kept alive and also the penalty. The procedure alone is affected; it must conform to the new law as far as practicable. There is no change in the method of procedure in the two acts. In fact, no procedure is provided for in either. Proceedings for punishment of crime are contained in other chapters of the Code. To hold that the indictment should contain what is now claimed to be a new element of the crime in order to be valid would affect the offense which is preserved by Sec. 9, Chap. 13 of the Code. It is the change in the procedure and not the elements of the offense which is affected by this section. *Carlton* v. *Herndon, Judge,* 81 W. Va. 219.

It is not necessary to discuss the question raised in defendant's brief, as to whether the new act repeals the old, or is an amendment and re-enactment thereof. For even admitting a repeal as contended for, the crime and its punishment is preserved by Sec. 9, Chap. 13 of the Code, and only the procedure affected, and there is no change in procedure found in the new act as above stated.

Should the demurrer have been sustained? It is conceded to be good if the offense was committed before the new law went into effect. In other words, it will require evidence to ascertain the validity of the indictment. The ground for demurrer is not well taken at this time, and cannot be considered. Shall we anticipate the evidence and pass upon the question raised, assuming that the evidence will show commission of the offense after the new act became effective? That would be passing upon a question which may never arise, and which is not now fairly presented by the record. The question now asked to be determined by this court will properly be disposed of by the lower court when it arises, if ever it does, in the trial; and at this time we express no opinion upon the point whether it is a fatal defect to omit from an indictment for the crime of rape committed after the Act of 1920-21 became effective, the averment that the female raped was not the wife of the accused.

The demurer should have been overruled, and the order of the lower court sustaining the demurrer is reversed and remanded.

*Reversed and remanded.*