STATE OF WEST VIRGINIA

*v.*

KENNETH EDWARD OLISH

(No. 13836)

Decided May 13, 1980.

*J. Michael Anderson, Joseph R. Goodwin, Goodwin & Goodwin,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Thomas N. Trent,* Assistant Attorney General, for defendant in error.

MILLER, JUSTICE:

The defendant, Kenneth Edward Olish, appeals from a January 30, 1976, order of the Circuit Court of Kanawha County which denied reconsideration of his motion to withdraw his guilty plea. The defendant had pled guilty to first degree murder, but prior to sentencing sought to withdraw the guilty plea. His motion was denied, and he was sentenced to life without mercy.

Defendant's guilty plea was the result of a plea bargain. In the initial discussions with the prosecution regarding the possibility of a plea bargain, the prosecutor indicated that if the defendant would plead guilty to first degree murder and agree to testify against his codefendant, the prosecutor would then recommend to the court that he be sentenced to life with mercy.

The defendant declined this proposal. Subsequent discussions resulted in a further plea bargain, that if the defendant would plead guilty to first degree murder without testifying against his codefendant, the prosecutor would remain neutral on the question of whether the life sentence should be with or without mercy.

At the time the initial guilty plea was entered on September 2, 1975, there was no disclosure to the court that the plea was entered pursuant to any type of plea bargain agreement. In fact, representation was made to the court by the defendant's counsel that the plea was not entered pursuant to any plea bargain agreement, a position confirmed by the prosecutor.[1]

---

[1] In *State ex rel. Clancy v. Coiner,* 154 W.Va. 857, 179 S.E.2d 726 (1971), as well as in *Call v. McKenzie,* ____ W.Va. ____, 220 S.E.2d 665 (1975), we stressed the importance of a full disclosure by the parties of any plea bargain agreement. The reason for this disclosure is to enable the trial court to determine the validity of the agreement and to ensure that its terms are being followed.

After the guilty plea was taken, the court set a presentence hearing for December 18, 1975. The existence of the plea bargain was brought up rather obliquely during the trial court's inquiry into matters regarding the defense attorneys' representation of the defendant. The defense attorneys and prosecutor acknowledged that the guilty plea involved the prosecutor taking a neutral position on the question of mercy. It was after this hearing and before the sentencing hearing that the issue of a breach of the plea bargain agreement first surfaced. The defendant's attorneys received a copy of the presentence report from the court, which contained certain remarks made by the prosecutor and his assistant to the effect that the defendant was as guilty as his codefendant and therefore they did not recommend mercy. The defendant's attorney advised the court that these remarks violated the plea bargain agreement.

The prosecutor took the position that the probation officer had not accurately reported the remarks of the prosecutor.[2] The prosecutor also stated that he was presently taking a neutral position on the question of mercy. The court concluded that the prosecutor had not violated the plea bargain agreement and refused to permit the defendant to withdraw his guilty plea.

The central issue in this case is the type of showing a defendant must make in order to withdraw his guilty plea prior to the time he is sentenced. Where the guilty plea has been entered and sentence imposed, we stated in Syllabus Point 3 of *State ex rel. Burton v. Whyte*, ___ W.Va. ___, 256 S.E.2d 424 (1979):

---

[2] "This statement omits very material matters that I did mention to the Probation Officer during that conversation, and it omits very significantly the fact that I remember—and I have a specific recollection about this—having told the Probation Officer at the outset that he was not to interpret any of my statements or remarks to be construed as a recommendation one way or the other, because I very carefully went over with him at that time the terms of the plea bargain, which I, by the way, in good faith entered into with these lawyers for the defense."

"A guilty plea based on competent advice of counsel represents a serious admission of factual guilt, and where an adequate record is made to show it was voluntarily and intelligently entered, it will not be set aside."

In *Potter v. Mohn*, ___ W.Va. ___, 256 S.E.2d 763 (1979), and *State ex rel. Clancy v. Coiner*, 154 W.Va. 857, 179 S.E.2d 726 (1971), we set aside guilty pleas after the sentence had been imposed on the ground that the guilty pleas were not voluntarily entered. In *Clancy*, the prosecutor agreed as part of the plea bargain arrangement to recommend probation to the court, but after the sentence was imposed the prosecutor actually opposed probation.

Most courts appear to recognize that there is a distinction between a situation where the defendant enters the guilty plea but before he is sentenced changes his mind and seeks to withdraw the plea, and that where the defendant does not seek to withdraw the guilty plea until after he hears the sentence. In a case where the defendant seeks to withdraw his guilty plea before sentence, he is generally accorded that right if he can show any fair and just reason. *Kercheval v. United States*, 274 U.S. 220, 71 L. Ed. 1009, 47 S.Ct. 582 (1927); *United States v. Hancock*, 607 F.2d 337 (10th Cir. 1979); *United States v. Pressley*, 602 F.2d 709 (5th Cir. 1979); *United States v. Morgan*, 567 F.2d 479 (D.C. Cir. 1977); *United States v. Young*, 424 F.2d 1276 (3d Cir. 1970); *People v. Martinez*, 188 Colo. 169, 533 P.2d 926 (1975); *State v. Jackson*, 96 Idaho 584, 532 P.2d 926 (1975); *People v. Hollman*, 12 Mich. App. 231, 162 N.W.2d 817 (1968); *Commonwealth v. Hayes*, 462 Pa. 291, 341 A.2d 85 (1975); *In re Newton*, 125 Vt. 453, 218 A.2d 394 (1966); *Dudrey v. State*, 247 N.W.2d 105 (Wis. 1976).

On the other hand, where the guilty plea is sought to be withdrawn by the defendant after sentence, it should be granted only to avoid manifest injustice. *United States v. Tiler*, 602 F.2d 30 (2d Cir. 1979); *United States v. Dabdoub-Diaz*, 599 F.2d 96 (5th Cir. 1979), *cert. denied,*

444 U.S. 878 62 L. Ed. 2d 107, 100 S.Ct. 164; *United States v. Morgan, supra; Beltowski v. State,* 289 Minn. 215, 183 N.W.2d 563 (1971); *Commonwealth v. May,* 402 A.2d 1008 (Pa. 1979); *Spinella v. State,* 85 Wis. 2d 494, 271 N.W.2d 91 (1978).

The basis for the distinction between these two rules is three-fold. First, once sentence is imposed, the defendant is more likely to view the plea bargain as a tactical mistake and therefore wish to have it set aside. Second, at the time the sentence is imposed, other portions of the plea bargain agreement will often be performed by the prosecutor, such as the dismissal of additional charges or the return or destruction of physical evidence, all of which may be difficult to undo if the defendant later attacks his guilty plea. Finally, a higher post-sentence standard for withdrawal is required by the settled policy of giving finality to criminal sentences which result from a voluntary and properly counseled guilty plea. *Burton v. Whyte, supra.*

These considerations are not present where the defendant seeks to withdraw the guilty plea prior to sentencing. In the present case, the prosecutor's failure to maintain his neutral position as reflected by the probation officer's presentence report was a sufficiently fair reason to enable the defendant to withdraw his guilty plea prior to sentencing. The fact that the prosecutor informed the court that he was neutral in regard to the mercy recommendation does not ameliorate his statements contained in the presentence report. The inquiry is not the impact the statements may have had upon the sentence, but rather whether they served to provide a fair basis for permitting the defendant to withdraw the guilty plea as he had requested before he was actually sentenced.

In *Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 427, 92 S.Ct. 495 (1971), the prosecutor had agreed to make no recommendation as to the sentence. At the time of the sentence hearing an assistant prosecutor, unaware of this agreement, recommended a one-year sentence. De-

fense counsel objected, but the trial court stated that it was not influenced by the recommendation and proceeded to impose a one-year sentence. The United States Supreme Court considered as immaterial the fact that the trial court had stated it was not influenced by the prosecutor's remark.[3]

Again, it must be stressed that we are not dealing here with an attempt to set aside a guilty plea after sentence has been pronounced. Nor are we concerned with the situation where the defendant is seeking to enforce a plea bargain agreement which he claims the State has breached. *See, e.g., Brooks v. Narick,* ___ W.Va. ___, 243 S.E.2d 841 (1978); *State ex rel. Gray v. McClure,* ___ W.Va. ___, 242 S.E.2d 704 (1978). Rather, we are involved with the limited situation where the defendant, prior to sentence, seeks to withdraw his guilty plea. In the ordinary situation, the withdrawal of the guilty plea prior to sentencing places both parties in their original position and enables the State to try the defendant on all charges. The defendant gains no advantage, since he is returned to his original position and is again subject to trial.

There was no contention by the State, either before the trial court or on this appeal, that the State would suffer substantial prejudice if the guilty plea was withdrawn. Prejudice to the state is a limiting factor which most courts consider germane when the defendant seeks to withdraw his guilty plea prior to being sentenced. *Santobello v. New York,* 404 U.S. 257, 267-69, 30 L. Ed. 2d 427, 436-37, 92 S.Ct. 495, 501-02 (1971) (Marshall, J., concurring in part and dissenting in part); *United States v. Hancock,* 607 F.2d 337 (10th Cir. 1979); *United States v.*

---

[3] The Court states that "[the sentencing judge] stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration." [404 U.S. at 262-63, 30 L. Ed. 2d at 433, 92 S.Ct. at 499].

*Morgan*, 567 F.2d 479 (D.C. Cir. 1977); *People v. Hollman*, 12 Mich. App. 231, 162 N.W.2d 817 (1968).

We, therefore, conclude that the defendant's request to set aside his guilty plea made prior to his sentence should have been granted, and his sentence is reversed for this purpose and the case remanded.

*Reversed and remanded.*