# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs)  **No. 16-0422** (Cabell County 14-F-443)

**Derek Allen Byrd,**
**Defendant Below, Petitioner**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Derek Allen Byrd, by counsel Abraham J. Saad, appeals the Circuit Court of Cabell County's March 1, 2016 order, sentencing him to consecutive terms of incarceration of twenty years for his conviction of three counts each of first-degree robbery and ten years of incarceration for his conviction of one count of retaliation against a public official. The State of West Virginia, by counsel Gordon L. Mowen, II, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion to withdraw his guilty plea.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, petitioner and his co-defendant used a firearm to forcibly take money and cigarettes from a Speedway gas station in Huntington, West Virginia. Subsequently, in September of 2014, petitioner sent a letter threatening to harm The Honorable Judge Alfred E. Ferguson and his family. In October of 2014, petitioner was indicted on three felony counts of first-degree robbery and three felony counts of conspiracy. He was subsequently indicted on three counts of retaliation against a public official.

In April of 2015, following plea negotiations with respondent, petitioner pled guilty to three felony counts of first-degree robbery and one felony count of retaliation against a public official. In exchange for the guilty plea, respondent agreed to dismiss the remaining counts in the indictments and recommend that petitioner be sentenced to consecutive fifteen-year terms of incarceration for each first-degree robbery conviction. This was a non-binding plea agreement that left sentencing to the circuit court's discretion. On the same day, the circuit court sentenced petitioner to three twenty-year terms of incarceration for the first-degree robbery convictions and a ten-year term of incarceration for the retaliation against a public official conviction. The sentences were to run consecutively.

In January of 2016, petitioner filed a motion to withdraw his guilty plea and argued that the circuit court should have sentenced him in accordance with respondent's recommendation.[1] A hearing on the motion was held on February 26, 2016, before the Honorable Christopher D. Chiles.[2] The circuit court denied petitioner's motion by order entered on March 1, 2016, and it is from this order that petitioner appeals.

"We have previously held that "[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands. Syllabus Point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 2, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

Our review of the circuit court's order denying petitioner's motion to withdraw his guilty plea is guided by Rule 32(e) of the West Virginia Rules of Criminal Procedure, which provides that if the request to withdraw is made at any time after sentencing "[the] plea may be set aside only on direct appeal or by petition under W.Va. Code § 53-4A-1." Furthermore, "a trial court's decision on a motion under Rule 32(e) of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion." Syl. Pt. 1, *Duncil v. Kaufman*, 183 W.Va. 175, 394 S.E.2d 870 (1990).

In his only assignment of error, petitioner argues that the circuit court erred in denying his motion to withdraw his guilty plea. Specifically, he claims that his sentence of sixty years on three counts of first-degree robbery is "unjust and unfair" because respondent recommended a "cap" of forty-five years of incarceration. Thus, it is his contention that the circuit court should have "honored" the agreement between petitioner and respondent.

Notwithstanding petitioner's argument to the contrary, we find no error in the circuit court's order. We have held that there "is a distinction between a situation where the defendant enters the guilty plea but before he is sentenced changes his mind and seeks to withdraw the plea, and that where the defendant does not seek to withdraw the guilty plea until after he hears the sentence." *State v. Olish*, 164 W.Va. 712, 716, 266 S.E.2d 134, 136 (1990). Further, "where the guilty plea is sought to be withdrawn by the defendant after sentence, it should be granted only to avoid manifest injustice." *Id*.

In the case at bar, petitioner seeks to have his guilty plea set aside after sentencing. Based upon the record before this Court, we conclude that there was no abuse of discretion by the sentencing court in refusing to permit the withdrawal. First, petitioner did not move to withdraw the guilty plea until January of 2016, approximately nine months after he entered his plea. Petitioner now seeks to withdraw his guilty plea because he views it as a tactical mistake and

---

[1]In petitioner's motion he represents that he filed the same motion to withdraw his guilty plea on July 24, 2015. There is no such motion in the appendix or reflected in the certified docket sheet included in the record on appeal. As reflected in the record on appeal, petitioner's motion was filed on January 8, 2016.

[2]The Honorable Paul T. Farrell recused himself from the matter because petitioner was subsequently indicted for a separate crime wherein Judge Farrell was the alleged victim.

2

wants to have it set aside. Petitioner does not argue that the guilty plea was involuntary or otherwise unconstitutional. Petitioner simply claims that his sentence is "unfair" and the circuit court "should have heeded" respondent's recommendation. As such, petitioner failed to satisfy the applicable burden to have his guilty plea set aside after sentencing.

Moreover, inasmuch as petitioner challenges the length of his sentence, this Court has previously held that it reviews "sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 2, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We have also held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." *Georgius*, 225 W.Va. at 719, 696 S.E.2d at 21. We note that petitioner's sentences for his crimes is within the applicable statutory limitations, and he does not allege that his sentences were based on any impermissible factors. As such, his sentences are not reviewable on appeal.

Finally, petitioner claims that the circuit court "breached its plea agreement in violation of the law." Petitioner's claim is simply wrong. We have held that where "the state agrees to make a sentencing recommendation and enters into a plea agreement with the defendant . . . the trial court is not bound to impose the sentence recommended by the state if it accepts the plea agreement." *State ex rel. Forbes v. Kaufman*, 185 W.Va. 72, 76, 404 S.E.2d 763, 767 (1991). Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 1, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: May 22, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker