**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
**Plaintiff Below, Respondent**

**v.)  No. 23-123** (Upshur County CC-49-2008-F-12)

**Robert M.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Robert M. appeals the resentencing order entered by the Circuit Court of Upshur County on February 17, 2023, that denied his motion to withdraw his guilty plea and granted his motions for correction of sentence and resentencing.[1] On appeal, the petitioner alleges the court erred when it failed to impose a term of supervised release at a de novo resentencing hearing, denied his motion to withdraw his guilty plea, and denied his motion to correct the record. Upon our review, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

In 2007, the petitioner resided with his wife, his minor son, and his wife's minor daughter, K.D. On or about August 3, 2007, the petitioner, who was then about thirty-seven years old, confessed to his wife that he had been molesting then fourteen-year-old K.D. for the preceding twelve months. The petitioner's wife reported his confession to the police. An investigation ensued, and the police took statements from the petitioner's wife and K.D. On January 14, 2008, a grand jury returned an eighty-four-count indictment against the petitioner that included twenty-two counts of sexual assault in the third degree; thirty-one counts of sexual abuse by a parent, guardian, custodian, or person of trust; and thirty-one counts of incest. The indictment alleged that these crimes occurred between August 2006 and August 2007.

On May 30, 2008, the petitioner rejected the State's offer to plead guilty to seven counts of the indictment, with a possibility of sixteen to fifty years of imprisonment; instead, the petitioner pled guilty to all eighty-four counts of the indictment. At a September 19, 2008, sentencing hearing, the circuit court sentenced the petitioner to an aggregate term of thirty-one to seventy-five years of incarceration by imposing a combination of concurrent and consecutive sentences. The petitioner sought review of the circuit court's judgment order, but this Court refused the appeal by order entered on October 20, 2009.

---

[1] The petitioner appears by counsel G. Phillip Davis. The respondent appears by counsel Patrick Morrisey, Attorney General, and Mary Beth Niday, Assistant Attorney General. We use initials where necessary to protect the identities of those involved in this case. W. Va. R. App. P. 40(e).

The petitioner subsequently filed a petition for a writ of habeas corpus, which was denied. This Court affirmed that denial in *Robert J.M. v. Ballard* ("*Robert J.M. I*"), No. 14-1315, 2016 WL 3369556, at *14 (W. Va. June 17, 2016) (memorandum decision). The petitioner next filed an amended motion for sentence reduction under Rule 35(b) of the West Virginia Rules of Criminal Procedure, which was also denied. This Court affirmed the denial of that motion in *State v. Robert J. M.* ("*Robert J.M. II*"), No. 17-0399, 2018 WL 679502, at *4 (W. Va. Feb. 2, 2018) (memorandum decision).

Relevant to this appeal, on November 25, 2019, the petitioner filed a motion to correct his sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure[2] and a motion for resentencing. In those motions, the petitioner argued that his sentence was void because the circuit court failed to impose a period of supervised release as required by West Virginia Code § 62-12-26(a), and consequently, he was entitled to a "de novo resentencing hearing." On February 12, 2020, the petitioner filed a motion to withdraw his guilty plea, arguing that he "has never been legally sentenced," and the circuit court accepted his guilty plea "with no admission of guilt and without a factual basis for the guilty plea."

The circuit court conducted a hearing on the petitioner's motions, and on July 27, 2022, the circuit court entered an order granting the petitioner's motion for resentencing, finding that the petitioner's "original sentence [was] void" because "it failed to conform to the statutory requirements of West Virginia Code [§] 62-12-26(a)." The court further ruled that it would "correct the erroneous sentence by sentencing [the petitioner] under the *less restrictive* [2003] version of the Statute where supervised release was discretionary, since at least some of [the petitioner's] offenses were alleged to have occurred during the time where the statute was discretionary." The court also stated that it would "not allow [the petitioner] to elect the more sever[e] [2006 version of the] statute in order to manipulate the [c]ourt." In the same order, the court found the petitioner failed to demonstrate a "fair or just reason" to allow him to withdraw his guilty plea because he had previously admitted his guilt to the charges on multiple occasions, and the State would suffer substantial prejudice if it allowed him to withdraw his plea.

The circuit court held another hearing to resentence the petitioner and entered an order on February 17, 2023, that left his sentence unchanged and imposed a zero-year term of extended supervision. In doing so, the court applied the "less restrictive version of [§ 62-12-26(a)] where supervised release was discretionary since at least some of the [petitioner's] offenses were alleged to have occurred" when the 2003 version of the statute was in effect. The court reasoned that the 2003 version of West Virginia Code § 62-12-26(a) gave "the [c]ourt complete discretion as to whether or not to impose any period of supervised release up to fifty (50) years." After considering "the lengthy prison sentence the [petitioner] received," the court found that any term of supervised release was inappropriate and exercised its discretion to resentence the petitioner to a zero-year term of supervised release in addition to the thirty-one to seventy-five years of imprisonment that were previously imposed. The court further found that the petitioner did not ask it to impose a period of supervised release "to mitigate his punishment." Rather, it was to invite "error into these

---

[2] This rule provides, in relevant part, that "[t]he court may correct an illegal sentence at any time . . . ."

proceedings" in an effort to achieve his desired result—withdrawal of his guilty plea. The petitioner now appeals the circuit court's February 17, 2023, order.

First, the petitioner asks this Court to order the circuit court to impose a non-zero-year term of supervised release after a de novo resentencing hearing. The petitioner argues that, when resentencing him, the court should have sentenced him to a term of "supervised release in accordance with" the 2006 version of West Virginia Code § 62-12-26(a). The petitioner continues that imposition of a term of supervised release would make his sentence "more onerous," which he concludes would entitle him to a de novo resentencing hearing. This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Also, this Court reviews "the denial of a request for a *de novo* resentencing hearing" under an abuse of discretion standard. Syl. Pt. 2, in part, *State v. Tex B.S.*, 236 W. Va. 261, 778 S.E.2d 710 (2015). We have held that

> [t]he statutory penalty in effect at the time of a defendant's criminal conduct shall be applied to the defendant's conviction(s). Where a statutory amendment mitigating punishment becomes effective prior to sentencing, West Virginia Code § 2–2–8 (2013) allows a defendant to seek application of the mitigated punishment before the trial court. Any correction of sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure shall be in accordance with the statutory penalty in effect at the time of the original sentencing.

Syl. Pt. 13, in part, *State v. Shingleton*, 237 W. Va. 669, 790 S.E.2d 505 (2016) *superseded by statute on other grounds, W. Va. Code § 61-8C-3 (2014), as recognized in State v. Sites*, 241 W. Va. 430, 438, 825 S.E.2d 758, 766 (2019). "In other words, '[t]he penalties prescribed under the former law remain intact,'" unless "the amended statute provides lesser or mitigated penalties for the same offense . . . ." *State v. Easton*, 203 W. Va. 631, 647-48, 510 S.E.2d 465, 481-82 (1998) (quoting *Arbogast v. Mohn*, 164 W. Va. 6, 12, 260 S.E.2d 820, 824 (1979)). We have also held that "the supervised release statute . . . provides for an additional penalty" for persons convicted of certain sex offenses. Syl. Pt. 3, in part, *State v. Deel*, 237 W. Va. 600, 788 S.E.2d 741 (2016).

Here, the court resentenced the petitioner under the "less restrictive" 2003 version of the supervised release statute, which provided that a defendant convicted of certain sex offenses "may" be required to serve "a period of supervised release up to fifty years[.]" W. Va. Code § 62-12-26(a) (2003).[3] We have held that "[t]he Legislature's use of the word 'may' usually renders the referenced act discretionary, rather than mandatory, in nature." Syl. Pt. 1, in part, *Pioneer Pipe, Inc. v. Swain*, 237 W. Va. 722, 791 S.E.2d 168 (2016). The 2003 version of the supervised release statute was in effect when the petitioner committed his crimes in August 2006 and September 2006, and these offenses "would be punishable under the statute which was in force at the time

---

[3] The amended version of the supervised release statute, West Virginia Code § 62-12-26(a) (2006), provided that a defendant convicted of certain sex offenses "*shall*, as a part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty . . . a period of supervised release of up to fifty years[.]" (Emphasis added).

[they were] committed." *State v. Sanney*, 91 W. Va. 477, 479, 113 S.E. 762, 763 (1922). Because the 2006 amendment to West Virginia Code § 62-12-26(a) did not provide "mitigated penalties for the same offense," and the time frame alleged in the indictment included a period when the less restrictive statutory penalty was in effect, we conclude that the court did not err when it applied the 2003 version of the statute. *Easton*, 203 W. Va. at 648, 510 S.E.2d at 482. Given the discretionary nature of supervised release in the 2003 version of the statute, and that the court must apply "[t]he statutory penalty in effect at the time of [the petitioner's] criminal conduct," we further conclude that the court did not abuse its discretion when it resentenced the petitioner to a zero-year term of supervised release under West Virginia Code § 62-12-26(a) (2003). *See Shingleton*, 237 W. Va. at 673, 790 S.E.2d at 510, Syl. Pt. 13, in part.

In addition, the petitioner has not demonstrated that a de novo resentencing hearing was necessary. The petitioner has not alleged, and the record does not reflect, any "structural defect in the original sentencing hearing[.]" *Tex B.S.*, 236 W. Va. at 268, 778 S.E.2d at 717. At his initial sentencing hearing, the petitioner exercised his right to allocution and had an opportunity to object to the pre-sentence report. Under these circumstances, we conclude that the circuit court did not abuse its discretion in denying the petitioner's request for a de novo resentencing hearing.

Second, the petitioner claims that the circuit court erred when it denied his motion to withdraw his guilty plea, arguing that his guilty plea was involuntary because he was not informed at the plea hearing that a term of supervised release could be added to his sentence. Our review of the court's order denying the petitioner's motion to withdraw his guilty plea is guided by Rule 32(e) of the West Virginia Rules of Criminal Procedure, which provides that if the request to withdraw is made any time after sentencing, the "plea may be set aside only on direct appeal or by petition under W. Va. Code [§] 53-4A-1." The petitioner bears "[t]he burden of proving that [his] plea was involuntarily made . . . ." Syl. Pt. 3, in part, *Clancy v. Coiner*, 154 W. Va. 857, 179 S.E.2d 726 (1971). Also, a guilty plea can be withdrawn after sentencing "only to avoid manifest injustice." Syl. Pt. 2, in part, *State v. Olish*, 164 W. Va. 712, 266 S.E.2d 134 (1980). This high standard "is required by the settled policy of giving finality to criminal sentences which result from a voluntary and properly counseled guilty plea."[4] *Id.* at 716, 266 S.E.2d at 136.  In this case, the petitioner asked the court to withdraw his guilty plea over eleven years after he was sentenced—and not in a direct appeal or a petition under West Virginia Code § 53-4A-1. Nevertheless, although the petitioner claims that he would not have pled guilty if he had known about the possibility that a term of supervised release could be added to his sentence, this unsupported assertion alone does not amount to manifest injustice. Further, the petitioner has not been prejudiced by the sentencing court's failure to advise him of the possibility of supervised release because the court did not impose any additional punishment when he was resentenced. After reviewing the record, we conclude that the petitioner fails to demonstrate that manifest injustice appears in this case, and the court did not err in denying his motion to withdraw his guilty plea.

---

[4] The *Olish* Court also recognized that "once sentence is imposed, the defendant is more likely to view the plea bargain as a tactical mistake and therefore wish to have it set aside." *Id*. at 716, 266 S.E.2d at 136.

4

The petitioner also mentions in passing that there was "no factual basis" for his guilty pleas[5] and the court erred when it denied his motion to correct the record. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that the petitioner's brief must "contain an argument clearly exhibiting the points of fact and law presented," and provides that this Court "may disregard errors that are not adequately supported by specific references to the record on appeal." Because the petitioner has not provided any factual or legal support for these claims, we decline to address them.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 10, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[5] This claim is belied by the transcript of the petitioner's guilty plea hearing, which indicates that he admitted to digitally penetrating K.D. and engaging in oral sex with her.